# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA GRECO-RAMBO,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>PROFESSIONAL COLLECTION<br>CONSULTANTS and SCOTT D. WU,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11CV917 JLS (NLS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>(*ECF No. 3*) |

Presently before the Court is Defendants' motion to dismiss. (MTD, ECF No. 3.) Also before the Court are Plaintiff's opposition, (Opp'n, ECF No. 7), and Defendants' reply, (Reply, ECF No. 8). After consideration, the Court **DENIES** Defendants' motion to dismiss.

## BACKGROUND

This action arises out of a debt incurred by Plaintiff sometime before November 4, 2009. (Complaint ¶ 23, ECF No. 1.) The debt was assigned, placed, or transferred to Defendant Professional Collection Consultant sometime thereafter. (*Id.* ¶ 27.) On or about November 4, 2009, Defendant Professional Collection Consultants filed a lawsuit in California state court through its counsel, Defendant Wu, against Plaintiff for collection of the debt. (*Id.* ¶ 28.) The summons and complaint was served at 1257 10th Street in Ramona, California. (*Id.* ¶ 29.)

Plaintiff alleges that she had moved from the residence five months prior and was never served. (*Id.* ¶ 30.) Plaintiff also asserts that the residence where service was allegedly made was a

foreclosed property, which was locked and boarded up at the time of service. (*Id*. ¶ 31.) On February 9, 2010, Defendants obtained default judgement against Plaintiff in the state court action. (*Id*. ¶ 32.) Plaintiff became of aware of the judgment in December 2010 when her employer notified her of a wage garnishment. (*Id*. ¶ 38.) The default judgment was set aside on March 11, 2011. (*Id*. ¶ 40.)

Plaintiff filed a complaint against Professional Collection Consultants and Scott D. Wu on April 29, 2011, asserting violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788. (*Id*. ¶¶ 43–48.) This complaint is the subject of Defendants' present motion to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible if the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to

say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

Defendants move to dismiss Plaintiff's complaint on two grounds. First, Defendants argue Plaintiff's complaint fails to state a claim upon which relief can be granted. (MTD 2.) More specifically, Defendants claim Plaintiff's complaint does not satisfy Rule 8's pleading requirements. (*Id.*) Second, Defendants argue that Plaintiff's claims are time-barred. (*Id.* at 5.) The Court discusses each argument in turn.

**I.     Rule 8**

As an initial matter, the Court notes that Plaintiff's Rosenthal claim is pursuant to California Civil Code § 1788.17, which creates liability under California law for a debt collector's failure to comply with the FDCPA. Because the FDCPA claim forms the basis for Plaintiff's claims, the Court focuses on Plaintiff's pleading with regard to the FDCPA claim.

Defendants' motion to dismiss asserts that Plaintiff's FDCPA claim fails to satisfy Rule 8's pleading standards. Specifically, Defendants find problematic Plaintiff's assertions that Defendants' conduct was knowing and willful. (*See* Reply 2.) Viewing the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff alleges sufficient facts to support an FDCPA claim and, by extension, Rosenthal claim.

To prevail on an FDCPA claim a plaintiff must show, among other things, that the defendant engaged in an act or omission in violation of the prohibitions or requirements of the act. Here, Plaintiff asserts that Defendants utilized false, deceptive, or misleading representation or means in connection with the collection of her debt in violation of 15 U.S.C. § 1692e.

1    Plaintiff asserts that Defendants filed a lawsuit against Plaintiff to recover a debt. (FAC
2 ¶ 28.) Defendants allegedly served Plaintiff with the summons and complaint at 1257 10th Street
3 in Ramona, California. (*Id.* ¶ 29.) And Defendants obtained a default judgment several months
4 later. (*Id.* ¶ 32.)

5    But Plaintiff alleges that she did not reside at that address at the time of service. (*Id.* ¶ 30.)
6 Moreover, the alleged service was made at a time when the residence was "a foreclosed property
7 which was locked and boarded up." (*Id.* ¶ 31.) Thus, Plaintiff alleges, Defendants knew Plaintiff
8 was never properly served and went ahead with obtaining a default judgment. (*Id.* ¶ 32.) As a
9 result, Defendants used "false, deceptive, or misleading representation or means in connection
10 with the collection of a debt" in violation of 15 U.S.C. § 1692e(10). (*Id.* ¶ 34).

11   This Court finds that Plaintiff's allegations are sufficient to assert a violation of 15 U.S.C.
12 § 1692e(10). Combined with the other allegations in her complaint, the Court finds Plaintiff's
13 factual allegations reasonably notify Defendants of which sections of the FDCPA and the
14 Rosenthal Fair Debt Collection Practices Act were violated. Therefore, the Court concludes that
15 the complaint alleges sufficient facts to state claims upon which relief can be granted.

16 **II.    Statute of Limitations**

17   Defendants also argue that Plaintiff's claims are time-barred. Plaintiffs have one year
18 starting from the date on which an FDCPA violation occurs to assert a claim. 15 U.S.C.
19 § 1692k(d). Here, the alleged FDCPA violation occurred when Defendants obtained a default
20 judgment against Plaintiff on February 9, 2010, even though they knew she was not properly
21 served. Thus, the statute of limitations would have expired before the filing of this suit.

22   Plaintiff argues, however, that the limitations period was tolled until Plaintiff discovered
23 Defendants unlawful acts in December 2010. (Opp'n 8.) As a general matter, "a limitations
24 period begins to run when the plaintiff knows or has reason to know of the injury which is the
25 basis of the action." *Magnum v. Action Collection Serv.*, 575 F.3d 935, 940 (9th Cir. 2009)
26 (quoting *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir.1998)).
27 And "a motion to dismiss based on the running of the statute of limitations period may be granted
28 only 'if the assertions of the complaint, read with the required liberality, would not permit the

1 plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1207
2 (9th Cir. 199) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980)).  Having
3 alleged that Plaintiff was unaware of the default judgment until December 2010, the Court
4 concludes that Plaintiff could prove a set of facts that would establish that equitable tolling applies
5 and that the action was timely.  Therefore, the Court declines to dismiss Plaintiff's claims as
6 time-barred.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motion to dismiss.

**IT IS SO ORDERED.**

DATED: August 25, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge